1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCIS EGAN EDWARDS,

        Plaintiff,

  v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

_____/

No. C 13-01348 SI

**ORDER REMANDING MATTER FOR**
**FURTHER PROCEEDINGS**

Before the Court is plaintiff's appeal of a final decision by the Commissioner of Social Security denying plaintiff benefits. The parties have filed cross-motions for summary judgment. Plaintiff, in the alternative, seeks remand of this matter for a new hearing. Based upon the Court's review of the parties' papers and the administrative record ("AR"), the Court hereby DENIES plaintiff's motion for summary judgment, DENIES defendant's motion for summary judgment, and GRANTS plaintiff's motion to remand this matter for further administrative proceedings.

**BACKGROUND**

**I.**     **Plaintiff's Work History and Medical Condition**

Plaintiff was born on August 12, 1960. AR 20. When he was fourteen years old, he was involved in a car accident that resulted in damage to his back. *Id.* at 32. Though plaintiff suffered from ongoing back pain, he was able to maintain employment in the grocery industry for some time. *Id.* at

31-32.  From August 1993 to September 1998, he worked as a meat clerk, and from July, 1998 to September, 2005, he worked as a food clerk.  *Id.* at 32, 180.  As plaintiff's back pain worsened over time, he began experiencing difficulties with performing stocking duties.  *Id. at 32.*  Thus, plaintiff decided to shift careers to obtain a less strenuous job.  *Id.* at 30.  After obtaining a degree in Business Management from the University of Phoenix, plaintiff worked as a salesman from 2005 to 2008.  *Id.* In August 2008, he worked as a merchandiser.  *Id.* at 30-31.  In December, 2008, plaintiff stopped working due to his back pain.  *Id.* at 32.  Plaintiff has been diagnosed with morbid obesity, degenerative disc disease, sleep apnea, and depression.  *Id.* at 14.  Plaintiff regularly visits doctors at Kaiser Permanente in Santa Rosa, California to receive treatment for his symptoms.  *Id.* at 609-905.

**II.     Procedural Background**

    **A.     Application and Appeals History**

        On April 7, 2010, plaintiff applied for Supplemental Security Income disability benefits ("SSI benefits"), alleging a disability onset date of December 15, 2008.  *Id.* at 14.  The Commissioner denied his application on September 8, 2010, and then again on reconsideration on February 2, 2011.  *Id.* at 63-66, 75-79.  On July 13, 2011, plaintiff attended a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 9-21.  On September 7, 2011, the ALJ issued a decision and determined that plaintiff was not disabled.  *Id.* at 9-25.  Plaintiff requested review of the ALJ's decision by the Commissioner's Appeals Council.  *Id.* at 7-8. The Appeals Council denied the request for review, thus rendering the ALJ's decision final.  *Id.* at 3-6.

        On March 22, 2013, plaintiff filed this action for judicial review of the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  Docket No. 1, Complaint.  Now pending before the Court are plaintiff's motion for summary judgment, filed on October 2, 2013, and the Commissioner's cross-motion for summary judgment, filed on December 3, 2013.  Docket Nos. 21, 24, Plaintiff's Motion ("Pl.'s Mot."), Commissioner's Motion ("Comm'r Mot.").  Plaintiff argues that the ALJ committed reversible error by failing to properly consider medical evidence from the examining psychologist in assessing plaintiff's residual functional capacity ("RFC"), and by improperly rejecting plaintiff's testimony.  Pl.'s Mot. at 1.  He asks this Court to reverse and remand for the payment of benefits, or

alternatively, to reverse and remand for further administrative proceedings. *Id.* In response, the Commissioner argues that the ALJ's decision should be affirmed because it is supported by substantial evidence and free from reversible legal error. Comm'r's Mot. at 9.

### B.    The ALJ's Five Step Disability Determination

#### (1)    Steps One Through Three

In determining plaintiff's disability status, the ALJ applied the five-step disability analysis in accordance with 20 C.F.R. § 416.920(a)(4). AR 9-21. First, she determined that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of December 15, 2008. *Id.* at 14. At step two, the ALJ determined that plaintiff has the following severe impairments: morbid obesity, degenerative disc disease, sleep apnea, and depression. *Id.* And at step three, the ALJ determined that plaintiff's impairments did not meet or "medically equal the severity" of an impairment listed in 20 C.F.R. § 416.925. *Id.* at 15.

#### (2)    Residual Functional Capacity Determination and Step Four

The ALJ assessed plaintiff's RFC pursuant to 20 C.F.R § 404.1520(e). She determined that plaintiff's RFC for light work is as follows:

> The claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. He can sit, stand[] and walk for about 6 hours in an 8-hour day. The claimant must alternate sitting and standing as needed. He can occasionally climb ladders, ropes, and scaffolds, and frequently climb ramps and stairs. He can frequently balance stoop, kneel, crouch, and crawl. He can frequently reach overhead bilaterally. He is limited to one-to-two step simple instruction jobs with occasional contact with the public.

*Id.* at 16. In determining the RFC, the ALJ considered plaintiff's testimony about his symptoms. *Id.* at 16-17. Plaintiff alleged that his symptoms affect his ability to "lift, squat, bend, stand, reach, walk, sit kneel, talk, climb stairs, see, remember, complete tasks, concentrate, and get along with others." *Id.* First, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. *Id.* However, she determined that plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are "not fully credible." *Id.* at 17.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

In assessing plaintiff's RFC, the ALJ considered the medical opinion of examining psychologist, Dr. Marion-Isabel Zipperle, Ph.D. ("Dr. Zipperle"). Dr. Zipperle performed a consultative psychiatric/psychological examination of plaintiff, and diagnosed him with major depressive disorder, chronic pain disorder with psychological features and general medical condition, alcohol dependence in remission, panic disorder with agoraphobia, personality disorder, and impulse control disorder. *Id.* at 318-23. Dr. Zipperle assigned plaintiff a Global Assessment of Functioning (GAF) score of 54, indicative of moderate symptoms. *Id.* Based on her examination, Dr. Zipperle issued the following functional assessment/medical source statement:

> He can perform simple repetitive tasks. He could accept instructions from supervisors, interact with coworkers and the public. He would not need special or additional instructions. However, his psychiatric issues would make regularly attending a workplace problematic, as the psychiatric issues would interrupt his workday and workweek, and he would be impaired in dealing with stress at the work site.

*Id.* In her decision, the ALJ referenced Dr. Zipperle's opinion regarding plaintiff's diagnosis, his GAF, and his ability to do simple calculations. *Id.* at 18. She also cited Dr. Zipperle's finding that plaintiff's "recent and remote memory were intact." *Id.* However, in her analysis, the ALJ did not discuss Dr. Zipperle's opinion that plaintiff's psychiatric issues would make regularly attending a workplace problematic. *Id.* The ALJ further noted that treatment notes from Zeba Hafeez, M.D. ("Dr. Hafeez"), plaintiff's treating psychiatrist, "generally corroborate" Dr. Zipperle's findings. *Id.* at 19.

The ALJ also provided reasons for discrediting plaintiff's testimony about the degree of his symptoms. *Id.* at 17. The ALJ referenced treatment notes from plaintiff's treating physician, Timothy Dale Pile, M.D. ("Dr. Pile"), indicating that plaintiff initiated treatment with the intent of receiving disability. *Id.* The ALJ further noted that imaging of plaintiff's lumbar spine revealed "no more than 'mild degenerative changes' without evidence of herniated discs or neural foraminal encroachment." *Id.* She also cited various treatment notes indicating that plaintiff was not following his various doctors' treatment plans, such as attending a pain management program and physical therapy or using the CPAP machine for his sleep apnea, despite improvements. *Id.* at 18-19.

Applying the RFC at step four, the ALJ determined that plaintiff was unable to perform any past relevant work as a merchandiser, sales person, meat clerk, and stock clerk. *Id.* at 20. To support her

conclusion, the ALJ referenced the testimony of vocational expert ("VE") Kenneth Ferra.  At the

hearing, the VE testified that plaintiff's RFC would preclude plaintiff from performing any of his prior

work.  *Id.*

### (3)    Step Five

At step five, the ALJ determined that plaintiff's RFC would allow him to adjust to other work.

*Id.* at 20.  At the hearing, the VE testified that based on plaintiff's RFC, he could perform work as a

cleaner.  *Id.* at 54.  However, when plaintiff's attorney posed a hypothetical to the VE asking whether

there is any work available in the national economy for an individual that has the additional limitation

of regular attendance being problematic, the VE  testified that there are no jobs for such an individual.[1]

*Id.* at 56.  The ALJ concluded that based on plaintiff's age, education, work experience, and RFC, as

well as the opinion of the VE, plaintiff can perform a significant number of jobs existing in the national

economy.  *Id.* at 20-21.

### LEGAL STANDARD

**I.    Standard of Review**

A district court's review of the Commissioner's determination is limited, and a final

administrative decision may be altered only if it is not supported by substantial evidence or if it is based

on legal error.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) (citation and internal quotation

omitted); *see also* 42 U.S.C. § 405(g).  Substantial evidence means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Burch v. Barnhart*, 400 F.3d 676,

---

[1] As to the issue of regular attendance, plaintiff's attorney posed the following question and the VE responded:

> Attorney: I'm going to go with one more limitation that is regular attendance would be problematic . . . based on these limitations can you answer whether there's any work available in the national economy for such a hypothetical individual?

> VE: I think the last one with attendance being problematic is indicative of the fact that there's going to be time missed on a either sustained or scheduled basis. So I would say there would probably be no jobs just based upon that restriction alone.

*Id*. at 56.

United States District Court
For the Northern District of California

679 (9th Cir. 2005). Substantial evidence consists of "more than a mere scintilla but less than a preponderance." *Young v. Sullivan*, 911 F.2d 181, 183 (9th Cir. 1990). The Court must consider the entire record, including evidence that both supports and detracts from the ALJ's decision. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). The ALJ's decision "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Id.* Where evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)).

## II.    Disability Benefits

A claimant is "disabled" as defined by the Social Security Act if: (1) the claimant "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *see also Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012).

The ALJ evaluates disability cases using a five-step evaluation process established by the Social Security Administration. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); *see also* 20 C.F.R. § 404.1520. In the first two steps, the claimant must establish that he is (1) not performing substantial gainful work and (2) not performing substantial gainful work due to a "severe" impairment. 20 C.F.R. § 404.1520(a)(4)(I)-(ii). An impairment must have lasted or be expected to last twelve months in order to be considered severe. *Id.* § 404.1509. In the third step, the claimant must establish that his impairment meets or medically equals a listed impairment described in the administrative regulations. *Id.* § 404.1520(a)(4)(iii). The claimant is disabled if his impairment meets or medically equals a listed impairment. *Tackett*, 180 F.3d at 1098. If the claimant's impairment does not meet or equal one of the listed impairments, the evaluation continues. 20 C.F.R. § 404.1520(a)(4)(iv). In between steps three and four, "the ALJ must, as an intermediate step, assess the claimant's RFC." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222-23 (9th Cir. 2009)*; see also* 20 C.F.R. § 416.920(e). At step four, the

United States District Court
For the Northern District of California

ALJ must determine whether, in light of the claimant's RFC, he can return to substantial gainful activity performed in the past. 20 C.F.R. § 404.1520(e).  In the fifth step, the Commissioner must demonstrate that the claimant is able to do any other work, and that there are a significant number of these jobs in the national economy. *Id.* § 404.1520(a)(4)(v); *see also Tackett*, 180 F.3d at 1099.  The burden of proof is on the claimant in the first four steps; if he fails to meet the burden on steps one, two, or four, the claimant is "not disabled." *See Tackett*, 180 F.3d at 1098-99.  The burden shifts to the Commissioner in step five; if the Commissioner fails to meet the burden of proof on step five, plaintiff is "disabled." *See id.*

**DISCUSSION**

Plaintiff raises two challenges to the ALJ's RFC determination.  First, plaintiff contends that the ALJ improperly rejected the opinion of examining psychologist Dr. Zipperle in assessing plaintiff's RFC.  Pl.'s Mot. at 2.  Second, plaintiff argues that the ALJ improperly discredited his subjective symptom testimony in assessing the RFC.  *Id.* at 8.  Plaintiff asserts that the ALJ committed legal error and asks the Court to reverse and remand for the payment of benefits, or alternatively, to reverse and remand for the correction of legal errors.  *Id.*  The Court will address each of plaintiff's contentions in turn.

**I.      The ALJ Improperly Assessed an Examining Source Opinion**

Plaintiff challenges the ALJ's consideration of the examining opinion of Dr. Zipperle, arguing the ALJ failed to articulate specific and legitimate reasons for rejecting Dr. Zipperle's opinion in making her RFC determination.  Pl.'s Mot. at 3-4.  The Commissioner maintains that the ALJ properly determined plaintiff's mental residual functional capacity, and that the ALJ's failure to include Dr. Zipperle's opinion about plaintiff's problematic attendance was harmless error.  Comm'r's Mot. at 3.  For the reasons discussed below, the Court finds that the ALJ's failure to provide reasons for rejecting Dr. Zipperle's opinion constituted legal error.

The opinion of an examining physician is entitled to more weight than the opinion of a nonexamining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  To reject the

uncontradicted opinion of an examining physician, "the Commissioner must provide 'clear and convincing reasons.'" *Id.* Furthermore, even if the opinion of an examining doctor is contradicted by another doctor, it "can only be rejected for specific and  legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-831.  The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Id.*

In this case, the ALJ referenced the parts of Dr. Zipperle's assessment that supported her RFC finding, but did not discuss Dr. Zipperle's examining opinion that plaintiff's "psychiatric issues would make regularly attending a workplace problematic."  AR 18-19; 321.  Dr. Zipperle's opinion was not controverted; in fact, the ALJ specifically found that "[t]reatment notes from Kaiser generally corroborate Dr. Zipperle's findings." *Id.* at 20.  Furthermore, Dr. Zipperle's assessment about plaintiff's limitation relating to problematic attendance was also raised during the hearing, when the VE testified that "there would probably be no jobs" in the national economy for a person with the restriction of problematic regular attendance. *Id.* at 56.

Though the ALJ was not required to discuss all evidence presented to her, she was required to explain why the "significant probative evidence" of Dr. Zipperle's assessment was rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citations omitted).  Dr. Zipperle's medical opinion that plaintiff's psychiatric issues would make attending a workplace problematic was uncontrovered medical evidence, and thus constituted significant probative evidence. *Id.* at 1395.  Accordingly, the ALJ was required to explain why she found that aspect of Dr. Zipperle's opinion to be insignificant or have little probative value. *Id.* at 1394-95.  By failing to discredit or even discuss Dr. Zipperle's functional assessment, the ALJ effectively rejected that part of the opinion without explanation. *See Edlund v. Massanari*, 253 F.3d at 1158-59 ("[T]he ALJ erred in failing to meet, either explicitly or implicitly, the standard of clear and convincing reasons required to reject an uncontradicted opinion of an examining psychologist.") (citations omitted).  Because the ALJ failed to provide any reason for rejecting Dr. Zipperle's opinion, she committed legal error. *See Lester*, 81 F.3d *at* 834-35; *see also Edlund*, 253 F.3d at 1158-59.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Upon finding error, the general rule is to remand for further consideration. *Moisa v. Barnhart*,

2    367 F.3d 882, 886-87 (9th Cir. 2004). "Remand for further proceedings is appropriate where there are

3    outstanding issues that must be resolved before a determination can be made, and it is not clear from the

4    record that the ALJ would be required to find the claimant disabled if all the evidence were properly

5    evaluated." *Hill*, 698 F.3d at 1162. The Court finds that there are outstanding issues regarding Dr.

6    Zipperle's opinion as to plaintiff's ability to regularly attend work. On remand, the ALJ should

7    specifically address Dr. Zipperle's evaluation, as well as the other medical evidence, and explain the

8    weight she gives to this evidence, as well as any reasons for discounting significant probative evidence.

9

10   **II.    The ALJ Properly Assessed Plaintiff's Credibility**

11   Plaintiff alleges that the ALJ improperly discredited his subjective symptom testimony in

12   assessing his RFC. Pl.'s Mot. at 8, 10. The Commissioner argues that the ALJ provided a valid basis

13   for not fully crediting plaintiff's testimony and that her reasons are supported by substantial evidence.

14   Comm'r's Mot. at 6. For the reasons discussed below, the Court finds that the ALJ properly assessed

15   plaintiff's credibility.

16   An ALJ must engage in a two-step analysis to evaluate the credibility of a claimant's testimony

17   regarding subjective symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step,

18   "the ALJ must determine whether the claimant has presented objective medical evidence of an

19   underlying impairment which could reasonably be expected to produce the pain or other symptoms

20   alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and

21   citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering,

22   the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

23   specific, clear and convincing reasons for doing so." *Id.* The ALJ "may find the claimant's allegations

24   of severity to be not credible" but "must specifically make findings which support this conclusion."

25   *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). "These findings, properly supported by the

26   record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the

27   claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony

28   regarding pain." *Id.* at 345-46 (internal quotation mark and citation omitted). The ALJ may consider

United States District Court
For the Northern District of California

inconsistencies between a claimant's testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ properly conducted the two-step analysis and provided specific reasons for rejecting plaintiff's testimony about the severity of his symptoms. Plaintiff alleged that he is unable to sustain basic work activities on a regular and continuing basis because of his conditions, which affect his ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, see, remember, complete tasks, concentrate, and get along with others. AR 17, 176. In making her assessment, the ALJ first found that plaintiff's impairments "could reasonably be expected to cause the alleged symptoms." AR 17. At the second step, the ALJ determined that the plaintiff's "allegations are not consistent with the minimal objective findings throughout the record," and plaintiff is "not fully credible in his complaints, which appear to be exaggerated when compared to the minimal objective findings." *Id.* The ALJ then provided various reasons for rejecting plaintiff's testimony.

To support her position, the ALJ cited the inconsistencies between plaintiff's testimony and the medical findings in the record. Plaintiff testified at the hearing that he had to stop working in 2008 or early 2009 because of back pain, and that he could not stand for any period of time to get his job done. *Id.* at 32. The ALJ noted that imaging of his lumbar spine taken in 2009 showed only "mild degenerative changes" and "no evidence of herniated discs or neural foraminal encroachment." *Id.* at 17, 302. The ALJ also cited Dr. Pile's treatment notes from 2009 which stated that plaintiff had "only mild reduction in his range of motion" and "moves well" without any tenderness in the lumbar spine or sacroiliac joints. *Id.* at 17, 241.

Additionally, the ALJ discussed plaintiff's conservative treatment and failure to follow his doctors' treatment plans. The ALJ referenced Dr. Pile's treatment notes from 2009 that plaintiff "is on no medications other than Advil." *Id.*; *see Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that treatment of a claimant's physical ailments "with an over-the-counter-pain-medication" constituted "evidence of 'conservative treatment' [ ] sufficient to discount a claimant's testimony regarding severity of an impairment."). The ALJ also cited treatment notes showing that plaintiff was referred to physical therapy in August 2009, but discontinued physical therapy after attending only three sessions over a

United States District Court
For the Northern District of California

1  three month span, despite improvement. *Id.* at 17-18, 393-98. The record also showed that plaintiff

2  refused to engage in a chronic pain management program. *Id.* at 18, 730. And although plaintiff made

3  subjective complaints regarding his sleep apnea, the ALJ explained that during an appointment on

4  January 29, 2010, plaintiff "admitted that he had used his CPAP machine 'very little' since 2008." *Id.*

5  *at* 18, 414. *See Bunnell*, 947 F.2d at 346 ("Another relevant factor may be unexplained, or inadequately

6  explained, failure to seek treatment or follow a prescribed course of treatment."). The ALJ did not err

7  in considering plaintiff's conservative treatment and failure to seek and follow his treatment plans. *See*

8  *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("in assessing a claimant's credibility, the ALJ

9  may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a

10  prescribed course of treatment.") (internal quotation marks and citation omitted); *see also Fair v. Bowen*,

11  885 F.2d 597, 603-04 (9th Cir. 1989).

12      Here, the ALJ pointed to evidence in the record to support her finding that plaintiff was not

13  credible. Consistent with the Ninth Circuit case law, and in light of the substantial evidence cited for

14  the ALJ's credibility determination, this Court "may not engage in second-guessing" and must uphold

15  the ALJ's credibility finding. *Thomas*, 278 F.3d at 958-59.

16

17                                    **CONCLUSION**

18      For the foregoing reasons, the Court GRANTS plaintiff's motion to remand this matter for

19  further administrative proceedings consistent with this opinion. Accordingly the Court DENIES

20  plaintiff's motion for summary judgment and DENIES defendant's motion for summary judgment.

21

22      **IT IS SO ORDERED.**

23

24  Dated: April 28, 2014

25                                    _____
                                      SUSAN ILLSTON

26                                    UNITED STATES DISTRICT JUDGE

27

28